LORD ELECTRIC COMPANY, Appellant, *v.* OAK REALTY COMPANY and AMERICAN SURETY COMPANY, Defendants, Impleaded with SANDRINGHAM HOTEL COMPANY, Respondent.

First Department, November 21, 1919.

Pleadings — practice — sufficiency of counterclaim will not be determined on appeal from order framing for trial by jury issues raised by said counterclaim and reply thereto — objection to legal sufficiency of counterclaim not waived by failure to demur or answer — purpose of enactment of section 547 of the Code of Civil Procedure — order framing issues modified.

Upon an appeal from an order framing for trial by a jury certain issues raised by a counterclaim and plaintiff's reply thereto, the court will not pass upon the plaintiff's contention that the counterclaim does not state facts sufficient to constitute a cause of action, but will leave it to the determination of the court when directly raised.

First Department, November, 1919. [Vol. 189.

Although if an objection to the legal sufficiency of an alleged counterclaim is not taken either by demurrer or answer, it is not waived, nevertheless the objection should be raised directly so that the decision of the court will effectually determine the issue of law thus presented.

Section 547 of the Code of Civil Procedure was enacted in order to furnish a convenient, speedy and inexpensive method of determining the legal sufficiency of pleadings.

The order appealed from should be modified so as to eliminate issues not raised by the reply to the counterclaim, and also immaterial issues, and as so modified affirmed.

APPEAL by the plaintiff, Lord Electric Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of August, 1919, framing for trial by a jury certain issues raised by the counterclaim of the respondent, and the plaintiff's reply thereto.

*Daniel F. Nugent* of counsel [*Nugent & Nugent*, attorneys], for the appellant.

*George C. Lay* of counsel [*Baldwin & Hutchins*, attorneys], for the respondent.

PAGE, J.:

The action was brought for the foreclosure of a mechanic's lien. The defendant interposed an answer containing denials and a counterclaim to which the plaintiff replied. Defendant's motion to frame issues raised by the counterclaim and reply was granted. The plaintiff appeals therefrom.

The plaintiff contends that the counterclaim does not state facts sufficient to constitute a cause of action. The plaintiff, however, replied and accepted the issues of fact tendered by the defendant, and the motion was to frame those issues for trial by a jury. If we should determine upon this appeal that the plaintiff's contention was correct and hence deny the motion the effect would merely be to deprive the defendant of a jury trial of those issues. We could not dismiss the counterclaim. The issues would still remain in the pleadings, and unless the plaintiff challenged the legal sufficiency of the alleged counterclaim either by motion for judgment on the pleadings or at the trial, those issues would have to be tried and determined. While it is true that if such objection is not taken either by demurrer or answer it is not waived

(Code Civ. Proc. § 499), nevertheless, the objection should be raised directly so that the decision of the court will effectually determine the issue of law thus presented. Section 547 was added to the Code of Civil Procedure to furnish a convenient, speedy and inexpensive method of determining this question. We feel that we are not called upon to pass on this question on this appeal but will leave it to the determination of the court when directly raised. The order in this case goes too far; it provides also for the trial of issues that are not raised by the reply to the allegations of the counterclaim but by the denials of the defendant of the allegations of the complaint, and also some that are immaterial. The order will, therefore, be modified by striking therefrom paragraphs numbered 2, 3, 4, 5, 9, 10 and 11, and the following from paragraph 14: " By overcharges for time of superintendents, foremen, laborers and helpers and for overcharges for materials furnished and for charges for materials not furnished," and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Order modified as directed in opinion and as modified affirmed, with ten dollars costs and disbursements to the appellant.